In the Matter of the Estate of SAMUEL BRODEZKY, Deceased.

Surrogate's Court, New York County, July 18, 1927.

**Executors and administrators — accounting — gift to executrix not shown — account surcharged.**

The account of the executrix is surcharged with the value of certain uncut diamonds in the possession of the testator at the time of his death, for the contention that the testator gave that property to the executrix is not sustained by the evidence.

ACCOUNTING proceeding by administratrix.

*Beil & Rosenman,* for the administratrix.

*Jacob L. Holtzmann,* for Aaron Travitzky, creditor.

*George L. Livingston,* special guardian.

O'BRIEN, S. This is an accounting proceeding by Bessie Brodezky, the widow and administratrix of the above-named intestate. In the account filed she states that she received no property whatsoever of the intestate. Objections to this account were filed by a judgment creditor alleging that the account was incorrect in that the intestate died leaving personal property which the accountant fails to set forth in her account. A hearing was had and the widow was examined and testified in substance that her husband, the deceased, conducted a jewelry business which consisted of buying uncut diamonds and after setting the same selling the completed article of jewelry. She further testified that shortly before he died he gave her this jewelry business which consisted of the name and a list of customers, nothing more. The daughter Dorothy testified to practically the same effect, but admitted that there was in her father's place of business, where she worked, unset diamonds to the value of about $7,000. No explanation is given by either as to why, under these circumstances, it was

stated in the account that the intestate left no personal property. It does not appear that there was any value to this business other than the value of the uncut stones on hand. The daughter further testified that after the death of her father she converted the unset stones into set jewelry and sold the same for $4,500 without giving any explanation whatsoever of the reduced value of the jewelry after the stones were set as against the $7,000 she admitted they were worth as unset stones. Under all these circumstances I hold that the testimony of the widow and the daughter, two highly interested witnesses, uncorroborated by any other evidence, fails to sustain the contention of a gift to the widow by the intestate just prior to his death and I further hold that the testimony shows that at the time of the death of the intestate he owned uncut stones of the admitted value of $7,000. The accountant will be surcharged with this sum, to wit, $7,000. Submit decree on notice accordingly.